UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON GOODLOW (#93838)**  CIVIL ACTION NO.

**VERSUS**  25-483-SDD-SDJ

**STATE OF LOUISIANA, ET AL.**

## RULING

This matter comes before the Court on an "Application for Re-Hearing from the denial of independent action filed Writ" filed by *pro se* Petitioner Vernon Goodlow ("Petitioner").[1] The Court interprets the "Application" as a Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). The Motion will be denied.

Plaintiff has properly brought this Motion pursuant to Federal Rule of Civil Procedure 59(e), as Plaintiff's Motion was filed within 28 days of the final judgment. For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence.[2] A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact.[3] Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion.[4] It is not proper to use Rule 59(e) to re-litigate or get "a second bite of the apple" on previously addressed issues by the parties or the Court.[5] Relief from a

---

[1] R. Doc. 4.
[2] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).
[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[4] *Id.*
[5] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).

judgment, due to its narrow scope, is an extraordinary remedy that should not be used often.[6]

On July 16, 2025, the Court dismissed this action because it lacked jurisdiction to consider Petitioner's successive habeas petition.[7] Petitioner's Motion is a clear attempt at getting a second bite at the proverbial apple, as he uses Application to make arguments regarding this Court's authority to hear his case.[8] Petitioner appears to have confused Louisiana law regarding successive post-conviction relief petitions with federal habeas petitions. Under federal law, the actual innocence exception does not allow a petitioner to avoid the statutory gatekeeping provisions for second or successive petitions.[9] "There is no provision in the law allowing the district court to consider a successive petition merely because the petitioner asserts that he is actually innocent or that the state court judgment is void; rather, these are claims which may be presented to the Court of Appeals as part of a showing that leave to file a successive petition should be granted."[10]

The purpose of a Rule 59(e) motion is not to allow a plaintiff another chance to litigate his claims.[11] Plaintiff has not shown he is entitled to the extraordinary relief

---

[6] *Templet*, 367 F.3d at 479.
[7] R. Doc. 2.
[8] R. Doc. 4.
[9] *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.").
[10] *Butler v. Dir., TDCJ-CID*, No. 6:10CV134, 2010 WL 2024877, at *1 (E.D. Tex. May 18, 2010); *see also In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013) (holding that the actual innocence exception is modified by § 2244(b) with respect to second-or-successive petitions); *Gonzales v. Davis*, No. B-17-CV-237, 2018 WL 1413341, at *3 (S.D. Tex. Feb. 2, 2018) ("District courts lack jurisdiction over a successive habeas petition where the petitioner does not show that he has the authorization of the court of appeals. This is true even where the petitioner asserts a claim of actual innocence.") (internal citations omitted); *Phillips v. Stephens*, Civ. No. 3:14-CV-2664-L, 2014 WL 4978659, at **1-2 n.1 (N.D. Tex. Oct. 6, 2014) (ordering transfer of § 2254 petition to the Fifth Circuit because it was successive and stating that "[i]nsofar as Petitioner asserts actual innocence, *McQuiggin v. Perkins*[, 569 U.S. 383 (2013)] does not authorize the Court to ignore or bypass the constraints on successive applications.").
[11] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).

provided by a Rule 59 motion, as there was no error in the Court's opinion dismissing the action. Accordingly,

**IT IS ORDERED** that the "Application for Re-Hearing from the denial of independent action filed Writ" filed by *pro se* Petitioner Vernon Goodlow[12] is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>February 4, 2026</u>.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[12] R. Doc. 4.